EASTERN DIST.
*June*, 1838.

GILL & LOVE
*vs.*
RENEAU.

The plea of payment admits the debt once existed, but has been paid; and unless the defendant *proves* payment, it will be considered as still existing, and the plaintiff will have judgment.

Where the defendant pleads the general issue and payment, the pleas are contradictory, and the latter will prevail.

========

## GILL & LOVE *vs.* RENEAU.

APPEAL FROM THE COURT OF THE EIGHTH JUDICIAL DISTRICT, FOR THE PARISH OF ST. HELENA, THE JUDGE THEREOF PRESIDING.

Where it appears that the verdict of the jury is not based on any assignable cause of action, or supported by any testimony found in the record, it will be set aside.

If it appears from the record, that the proceedings in a suit are altogether defective from the commencement, the petition will be dismissed.

This is an action based on an agreement between the plaintiffs and defendant, by which the former sells to the latter a tract of land, estimated at upwards of four thousand

five hundred dollars, and the latter, in consideration thereof, agreed to pay all the debts due by the plaintiffs' firm, be they more or less.

The suit is instituted on an alleged violation of this agreement, to recover about the sum of two thousand seven hundred dollars.

All the facts and pleadings in this case, that are material, are fully set out and stated in the opinion of the court, which follows:

*Lawson,* for the plaintiffs.

*Elam* and *T. L. Andrews,* for the defendants.

*Carleton, J.,* delivered the opinion of the court.

The parties entered into a contract, on the 22d of August, 1833, by which the plaintiffs sold to the defendants a tract of land, with the appurtenances and improvements thereon, in consideration of which he obligated himself to pay all the debts contracted by the firm, that is, the sum due Kendricks, their vendor, as part of the price; also, all their other debts, as likewise five hundred dollars to Love, one of the plaintiffs, and a like sum to Gill, the other plaintiff, for articles sold in his separate capacity.

The plaintiffs base their actions upon this contract, and allege, that at the date of its execution, the firm owed " *several thousand dollars;*" that there still remains unpaid " *about two thousand seven hundred dollars;*" and in a subsequent part of their petition, they aver, " that a part of said debt is due and has been amicably demanded," and conclude with a prayer for judgment for two thousand seven hundred dollars, and general relief.

The defendant, for answer, admits the execution of the agreement, and that he promised to pay all the partnership debts: but avers, as plaintiff in reconvention, that Gill & Love practised a fraud upon him, by representing the debts due by the firm over and above the amount owing to Kendricks, on the price of the property, as not exceeding four

hundred dollars, whereas, in truth, they amounted to one thousand five hundred dollars; that he has already paid —— hundred dollars, and is liable to pay whatever may still remain due by the firm; that plaintiffs made false statements as to the amount due them on their books; that accounts were therein stated as unsettled which had been paid; that they had, since the date of the sale, received moneys transferred to him by their contract; that he has sustained one thousand five hundred dollars damages, and prays for a sequestration of the two notes of four hundred dollars each, mentioned in the contract, and for an attachment to the amount of the damages claimed.

The cause was submitted to a jury, who found a verdict for five hundred dollars in favor of the plaintiffs; the court rendered judgment accordingly, and the defendant appealed.

It does not appear to us, that the plaintiffs have set out in their petition any definite and sufficient cause of action: the defendant having obligated himself for the payment of their debts, he was liable to be sued therefor by the creditors of plaintiffs, who had no right to complain, unless themselves had been likewise sued; or, unless the defendant had been put in delay by refusing to comply with his engagement.

Again; the petitioners aver, that the defendant is still bound to pay about two thousand seven hundred dollars by their contract; yet allege, that a part only of that sum is due, without specifying how much. The testimony is equally vague; none is produced to show the actual amount of the book debts, or of those paid by defendant, or of those still remaining due. So that the verdict of the jury does not appear to be based upon any assignable cause of action, or supported by any testimony found in the record.

It appear to us, that the proceedings are altogether defective from the commencement, and that the petition ought to be dismissed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, the verdict of the jury set aside, the plaintiffs petition be dismissed with costs in both courts.

EASTERN DIST.
June, 1838.

GILL & LOVE
vs.
RENEAU.

Where it appears that the verdict of the jury is not based on any assignable cause of action, or supported by any testimony found in the record, it will be set aside.

If it appears from the record, that the proceedings in a suit are altogether defective from the commencement, the petition will be dismissed.